# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **ELIJAH JAMES,** | : | |
| Plaintiff, | : | **CIVIL ACTION NO.** |
| | : | _____ |
| VS. | : | **JURY DEMAND** |
| | : | |
| **CITY OF FORSYTH; JAMES E. PACE, JR.,** Mayor, individually and in his official capacity; **CHRIS HEWETT,** Councilman, individually and in his official capacity; **SANDRA DEWS,** Councilwoman, individually and in her official capacity; **MIKE DODD,** Councilman, individually and in his official capacity; **LAMAR RUSSELL,** Councilman, individually and in his official capacity; **HAL CLARKE,** Councilman, individually and in his official capacity; **ROSEMARY WALKER,** Councilwoman, individually and in her official capacity; **JOHN T. CLIFTON,** Chief of Police, individually and in his official capacity; **JANICE L. HALL,** City Clerk, individually and in her official capacity, | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, for his complaints against Defendants, alleges:

### JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction under 28 U.S.C. 1331 and 1343 on the grounds that this action arises under Title VII of the Civil Rights Act of 1964 by reason of 42 U.S.C. 2000e, et seq., and under the Civil Rights Act of 1991, 42 U.S.C. Section 1983. In addition, plaintiff invokes this Court's jurisdiction under the equal protection and due process provisions of the Fourteenth Amendment of the U.S. Constitution and under the freedom of association provisions of the First Amendment of the U.S. Constitution.

2. The venue of this action is properly placed in the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. 1391 because the activities giving rise to plaintiff's claims took place in this district and defendants are residents of this district.

PARTIES

3. Plaintiff, Elijah James, is a male, African American citizen of the United States of America and at all times material to the averments of this complaint, was a resident of Monroe County, Georgia.

4. Defendant City of Forsyth is a body politic created by Georgia Laws and governed under a city charter. Defendant City of Forsyth is liable for the unlawful acts of defendant members of the Forsyth City Council on account of the fact that such acts were taken pursuant to an official government policy and custom and were carried out by persons who can fairly be said to represent the official policy and custom of the City of Forsyth, including all employment related activities, policies and customs of all the departments, including the Police Department, of the municipality known as the City of Forsyth.

5. Defendant James E. Pace, Jr. is a citizen of the United States and a current resident of Georgia. At all times relevant to the averments of this complaint, Defendant Pace was the Mayor of the City of Forsyth and was empowered to make policy recommendations, including employment recommendations, to the City Council of the City of Forsyth.

6. Defendants Chris Hewett, Sandra Dews, Mike Dodd, Rosemary Walker, Hal Clarke, and Lamar Russell are residents of Monroe County, Georgia. They are sued individually and in their official capacities as members of the Forsyth City Council.

7. Defendant John T. Clifton is a citizen of the United States and a current resident of Georgia. At all times relevant to the averments of this complaint, Defendant Clifton was the Chief of Police for the City of Forsyth and was empowered to make policy recommendations to the City Council and Mayor of the City of Forsyth, including employment recommendations and decisions affecting the plaintiff.

8. Defendant Janice L. Hall is a citizen of the United States and a current resident of Georgia. At the times relevant to the averments of this complaint, Defendant Hall was the City Clerk for the City of Forsyth.

By virtue of this Complaint and otherwise, all defendants and their counsel are on notice of the claims against them and asked to identify and investigate such claims. All individual defendants are sued in their official and individual capacities.

## ADMINISTRATIVE PROCEDURES

9. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 26, 2005, and a second charge of discrimination (retaliation) on or about February 21, 2006.

10. Plaintiff received a Notice of Right to Sue from the EEOC on or about September 1, 2006.

11. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## STATEMENT OF CASE

12. Plaintiff has been employed by the City of Forsyth since February 26, 1989, as an officer for the Forsyth Police Department. On October 1, 1990, plaintiff left the employment of the City of Forsyth to acquire additional schooling relevant to his work and returned on or about February 26, 1991. Plaintiff was promoted to the position of Sergeant in 2003.

13. Plaintiff has been subjected to racially motivated harassment such that he has been forced to work in a demeaning, racially charged and hostile environment.

14. Plaintiff was demoted from the rank of sergeant on or about January 6, 2006, and this position was given to a white officer who had less experience in the Forsyth Police Department and fewer credentials than plaintiff.

15. On or about December 26, 2005, plaintiff filed a charge of race discrimination with the EEOC.

16. On or about March 17, 2006, plaintiff was given a written warning for associating with an individual of questionable character in violation of City policy. The person of "questionable character" was a relative of plaintiff's who had been convicted of a felony. Plaintiff contested the warning through his chain of command and informed Defendant Clifton that there were a number of persons within the police department who had convicted felons in their families. On March 30, 2006, plaintiff's employment with the City of Forsyth was terminated on the basis of a vague, unconstitutional City policy which was enforced in a discriminatory manner. Other individuals having family members who were convicted felons received no disciplinary action.

17. Plaintiff has been retaliated against in violation of Title VII (42 USC Section 2000e) by defendants engaging in a course of conduct which included demoting and discharging plaintiff from employment because he reported race discrimination and objected to race discrimination through his filing of a charge of discrimination with the EEOC.

18. White officers and black officers are treated differently in terms of the disciplinary actions taken against them with the black officers being subjected to demotions or terminations for offenses equal to or less than those of white officers who receive no disciplinary action or a significantly lesser consequence.

## STATEMENT OF FACTS

19. Plaintiff began his employment as a police officer with the City of Forsyth Police Department on February 26, 1989. Except for several months while he was in school, he held the position of patrol officer until 2003, when he was promoted to the rank of sergeant.

20. In mid-November of 2005, Police Chief Benjamin Ponder retired and Assistant Chief Arthur Phillips began to perform the duties of the Chief on a temporary but daily basis. Chief Ponder, an African-American male had been the Chief of Police for twenty-five years. Assistant Chief Phillips, also an African-American male, had been the Assistant Chief for several years and held the rank of Major.

21. On or about December 12, 2005, Defendant Clifton began his employment as Police Chief for the Forsyth Police Department. On or about January 3, 2006, Assistant Chief Phillips was demoted to Captain by Clifton but later was given the position of Assistant Chief over investigations. Prior to this, Major Phillips had been Assistant Chief over investigations and patrol.

22. A white male was hired by Defendant Clifton as a Captain and, within a few weeks, promoted to the rank of Major. This officer was given the position of Assistant Chief over patrol and is an officer with whom Defendant Clifton had worked in his previous job in Porterdale, Georgia.

23. Approximately two weeks after assuming his duties as police chief, Defendant Clifton held a meeting with officers of the Forsyth Police Department. Plaintiff was in attendance. At this meeting, Defendant Clifton told the officers that he did not know them, that he did not trust them because he did not know them and that he would exercise his right to fire them "at will" and that if they did not like that, the officers could seek employment elsewhere. In addition, Defendant Clifton called the black officers "you people".

24. In the two to three months after being hired as Chief, Defendant Clifton demoted four black officers and hired and/or promoted six white officers. No white officers were demoted.

25. Within six months after being hired as Chief, Defendant Clifton fired two black officers. No white officers were fired.

4

26. On or about December 26, 2005, plaintiff filed a charge of race discrimination with the EEOC.

27. On or about January 3, 2006, Defendant Clifton posted on the department bulletin board the names of four African-American officers, including plaintiff, who had been demoted. No reasons were given for the demotions. The promotions of a number of white officers were also posted. When plaintiff reported for the night shift, he saw the demotions but was not able to talk with Defendant Clifton as he had left work after posting the demotions and promotions.

28. On January 6, 2006, plaintiff was working a late night shift on patrol. He was contacted by a lieutenant and told to meet the lieutenant shortly after midnight in a furniture store parking lot. When plaintiff arrived at the parking lot, the lieutenant stated that he was instructed to take plaintiff's badge and swap it for that of patrol officer Darryl Bittick. In this manner, plaintiff was demoted from sergeant to patrol officer.

29. When plaintiff asked Defendant Clifton why he was demoted, he was told that his reports were not grammatically correct and that he lacked schooling. Defendant Clifton also referenced disciplinary actions in plaintiff's file that were over three years old and that should have been removed from the file pursuant to City policy.

30. Plaintiff believes he may have written fewer than five incident reports between December 12, 2005, when Defendant Clifton was hired and the first week in January when he was demoted. During the previous 16 years as a police officer, plaintiff had received no complaints about his report writing.

31. On or about February 21, 2006, plaintiff filed another charge with the EEOC in which he alleged that his demotion was in retaliation for having filed with the EEOC in December 2005.

32. On March 16, 2006, a disciplinary notice against plaintiff was drafted. The notice cites plaintiff's offense as "associating with persons of questionable character." On March 17, Major Byers, on behalf of Defendant Clifton, gave the disciplinary action report to plaintiff. Plaintiff was reprimanded for allowing his cousin, a convicted felon, to live on a temporary basis in a shed behind his house. Plaintiff signed the notice but gave Byers the names of two other officers who had felons in their families and with whom they associated. Plaintiff objected to the policy and to the disparate application of punishment.

33. On or about March 27, 2006, plaintiff prepared a rebuttal to the written warning which noted that a number of the officers in the Forsyth Police Department had convicted felons in their families. On March 28, 2006, plaintiff, who was working the night shift, was told by Defendant Clifton through another letter, that he had twenty-four hours to reveal the names of the officers who had convicted felons in their families. On March 29, 2006, plaintiff responded with a request for a listing of the names of officers

5

in the department.

34. On March 30, 2006, in a closed door meeting with the plaintiff, Defendant Clifton fired the plaintiff. Even though plaintiff had requested that his supervisor be present or that he be allowed to have his attorney present, he was denied those requests. Defendant Clifton raised his voice at plaintiff, took a tape recorder from plaintiff and erased the tape. Defendant Clifton told plaintiff that he could not associate with his family if that family member was a convicted felon. When plaintiff requested an appeal, Defendant Clifton laughed at him and told him to see Defendant Hall. Defendant Clifton stated that he had "two more to get rid of."

35. Defendant Clifton told plaintiff to turn in his gun and badge and all equipment within five days or he would press charges. Plaintiff was told that he was no longer allowed on the grounds or inside the police department.

## INCORPORATION OF ALLEGATIONS

36. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## FIRST CLAIM FOR RELIEF
### Race Discrimination Pursuant to Title VII

37. Defendant City of Forsyth is a governmental entity covered by and subject to the provisions of Title VII.

38. Defendants Hewett, Dews, Dodd, Walker, Russell, Clarke, Clifton and Hall are all agents of Defendant City for purposes of the conduct here alleged and as such each of the Defendants is an "employer" subject to the requirements of Title VII within the meaning of Section 701(b) thereof, 42 U.S.C. Section 2000e(b).

39. Since January of 2006, four black officers have been demoted, two black officers have been fired and six white officers have been hired and/or promoted in the department. No white officers have been demoted nor has the employment of any white officers been terminated.

40. Plaintiff has been demoted from sergeant to patrol officer and his employment has been terminated, said adverse employment actions being motivated by racial animus and in violation of Title VII.

41. As a result thereof, plaintiff has suffered loss of wages, including front and back pay, and other benefits, and has suffered and will continue to suffer irreparable injury requiring injunctive relief. Plaintiff requests reinstatement to his position with the

Forsyth Police Department along with full rank and benefits. Plaintiff requests that this Court conduct a trial on the issue of damages and enter a judgment against defendants for an award of damages, unspecified at this time, to compensate plaintiff for the injuries he has sustained because of the illegal acts of the defendants and award to plaintiff punitive damages in the appropriate amount on the grounds that defendants' conduct was done knowingly, willfully and in bad faith. Plaintiff prays for judgment against defendants for interest, attorneys' fees, costs, and such other and further relief as justice may require.

## SECOND CLAIM FOR RELIEF
### Race Discrimination: Hostile Environment

42. During his employment with the City of Forsyth Police Department, plaintiff has been subjected to racially motivated harassment resulting, in part, in a racially charged and hostile environment. This harassment includes the following events:

(a) On or about October 28, 2005, a fellow police officer was approached by a white supervisor who attempted to convince the officer to file a grievance against plaintiff who, at the time, held the rank of sergeant. For over two hours, until plaintiff told the officer to go to work, the officer was harassed by the white supervisor, who told him that Defendant Hewett only needed a little more paperwork to fire plaintiff. On November 28, 2005, the supervisor received a letter of reprimand from Major Phillips, who was then acting unofficially as the Chief. No other disciplinary action was taken.

(b) Shortly after Defendant Clifton was hired as the new chief of police for the City of Forsyth, he held a meeting with the officers. During the course of this meeting, Defendant Clifton told the officers that he did not trust them and that he was going to hire some people that he knew and trusted. He informed the officers that he would use the Georgia at will law and that if officers did not like it, they could find another job. These statements were demeaning and humiliating to plaintiff and other minority officers and caused plaintiff much stress and anxiety in regards to his employment.

(c) Plaintiff's demotion from sergeant to patrol was handled shortly after midnight in a parking lot when he was instructed to swap badges with the white officer who was being placed in his position as sergeant. About two weeks later, plaintiff was told why he was demoted. The way in which this incident was handled was unprofessional, demeaning and humiliating to plaintiff.

(d) When plaintiff asked Defendant Hall to allow him to review his personnel file, he was told that there were things in his file that he could not see.

(e) When plaintiff's employment was terminated, Defendant Clifton raised his voice against plaintiff, becoming angry and belligerent. When plaintiff informed Defendant Clifton that he wanted to appeal the termination of his employment, Defendant Clifton laughed at him.

43. The conduct of the defendants was outrageous, was done in a deliberate, callous, malicious and oppressive manner intended to injure plaintiff and was done with conscious disregard for plaintiff's rights.

44. As a direct and proximate result of their violations of plaintiff's rights, plaintiff has sustained injuries, including humiliation, termination of employment, and loss of status in the community. Plaintiff seeks damages as set forth in paragraph 41 above and further prays judgment for punitive damages against Defendant Clifton in the additional amount of $50,000.00. Plaintiff prays judgment against defendant for interest, attorneys' fees, costs, and such other and further relief as justice may require. Plaintiff further prays that defendants and those acting in concert with defendants be restrained from engaging in the unlawful policies and practices described herein.

### THIRD CLAIM FOR RELIEF
### Title VII Retaliation

45. On December 26, 2005, plaintiff filed a charge of discrimination against the Defendant City of Forsyth with the EEOC, alleging race discrimination and alleging that blacks as a class have been denied promotions, hiring, equal wages, training and have been subjected to harassment and unequally disciplined by the Defendant City of Forsyth. At least one other EEOC complaints alleging race discrimination had been filed prior to plaintiff's complaint.

46. On January 6, 2006, plaintiff was demoted from the position of sergeant to patrol officer. A white officer having less experience with the City of Forsyth and fewer credentials than plaintiff was promoted to plaintiff's position.

47. On February 21, 2006, plaintiff filed a second EEOC charge of retaliation, alleging that his demotion was an act of retaliation against him for exercising his right to file the EEOC charge of race discrimination.

48. On March 30, 2006, plaintiff's employment was terminated, another act of retaliation against him for exercising his rights in filing charges of discrimination.

49. As a direct and proximate result of their violations of plaintiff's rights, plaintiff has sustained injuries, including humiliation, termination of employment, and loss of status in the community. Plaintiff seeks damages as set forth in paragraph 41 above and further prays judgment for punitive damages against Defendant Clifton in the additional amount of $50,000.00. Plaintiff prays judgment against defendant for interest, attorneys' fees, costs, and such other and further relief as justice may require. Plaintiff further prays that defendants and those acting in concert with defendants be restrained from engaging in the unlawful policies and practices described herein.

THIRD CLAIM FOR RELIEF
Section 1983-Equal Protection

50. Defendants' acts of intentional race discrimination against plaintiff and failure to protect him from continued race discrimination and retaliation were engaged in by Defendant Clifton and Defendant Hewett and were acquiesced in and condoned by Defendant City of Forsyth under color of state law, acting by and through the Forsyth City Council.

51. Defendants' acts of intentional race discrimination against plaintiff and failure to protect him against continued race discrimination also constitute state action within the meaning of the Fourteenth Amendment of the United States Constitution. Defendants have therefore violated plaintiff's right to equal protection of the laws as secured to him by the Fourteenth Amendment.

52. At all times the City Council functioned as the final policy maker with respect to plaintiff's terms and conditions of employment. In the alternative, the City Council specifically delegated final policy making authority with respect to plaintiff's terms and conditions of employment to defendant Clifton.

53. In addition to other actions, plaintiff's rights were violated when he was singled out for harsh punishment. Although a number of employees of the Forsyth Police Department had and still have family members who are convicted felons, no other employees were disciplined for this fact. Because of his race and because of impermissible retaliation against him, plaintiff's employment was terminated when others received no consequence at all.

54. By reason of the foregoing, the defendants have subjected the plaintiff to the deprivation of his right to equal protection under the laws and are liable in damages to plaintiff under 42 U.S.C. Section 1983.

55. As a direct and proximate result of their violations of plaintiff's right to equal protection of the laws, plaintiff has sustained injuries and prays judgment against defendants jointly and severally. Plaintiff further prays judgment against defendants Clifton and Hewett for punitive damages in the additional amount of $500,000.00. Plaintiff further prays judgment against defendants for interest, attorney's fees, costs, and such other and further relief as justice may require.

FOURTH CLAIM FOR RELIEF
Section 1983-"And Laws"

56. By reason of the foregoing, defendants have subjected plaintiff to the deprivation of his rights under the laws of the United States, in particular Title VII of the Civil Rights Act of 1964, and are liable to him for damages under 42 U.S.C. Section 1983.

57. As a direct and proximate result of their violations of plaintiff's right to equal protection of the laws, plaintiff has sustained injuries and prays judgment against defendants jointly and severally . Plaintiff further prays judgment against defendants Clifton and Hewett for punitive damages in the additional amount of $500,000.00. Plaintiff further prays judgment against defendants for interest, attorney's fees, costs, and such other and further relief as justice may require.

## FIFTH CLAIM FOR RELIEF
### Section 1983-First Amendment

58. For over ten years, plaintiff had employed his cousin to assist him with odd jobs for various persons, including some of the very city council members who are named defendants in this action and for the Mayor, Defendant Pace. Not once in ten years did anyone in city government remark to plaintiff that he was associating with a person of questionable character by employing the help of his cousin, who was known by many to be a convicted felon.

59. In addition to assisting plaintiff with odd jobs, plaintiff's cousin is a musician who has been inducted into the Music Hall of Fame and plays with a local group of musicians. In May of 2006, plaintiff's cousin was hired by the City of Forsyth to play at a concert in downtown Forsyth. No disciplinary action was taken against the individual, a white person, who hired plaintiff's cousin.

60. Plaintiff was fired for associating with his cousin because he worked odd jobs with his cousin and allowed his cousin to live on a temporary basis in a shed that was located behind plaintiff's residence.

61. The city policy prohibiting those in the police department from associating with persons of questionable character is a purposefully vague policy. The policy is clearly a violation of plaintiff's first amendment freedom of association and is designed to place ultimate power in the hands of the Chief of police.

62. By reason of the foregoing, defendant Clifton, with the knowledge and approval of all other defendants, has subjected the plaintiff to the deprivation of his First Amendment rights and is liable in damages to plaintiff under 42 U.S.C. Section 1983.

63. As a direct and proximate result of their violations of plaintiff's First Amendment rights, plaintiff has sustained injuries and prays judgment against defendants jointly and severally for an award of damages, unspecified at this time but to include front and back pay and lost benefits, to compensate plaintiff for the injuries he has sustained because of the illegal acts of defendants and award to plaintiff punitive damages in the appropriate amount on the grounds that defendants' conduct complained of herein was done knowingly, willfully and in bad faith. Plaintiff further prays judgment against defendant Clifton for punitive damages in the additional amount of $500,000.00. Plaintiff further prays judgment against defendants for interest,

attorney's fees, costs, and such other and further relief as justice may require.

Plaintiff demands trial by jury with respect to all issues triable as a matter of right.

Respectfully submitted this __27th__ day of November, 2006.

       /s/ Dana P. Johnson_____
Dana P. Johnson
Attorney for Plaintiff
State Bar No. 329089
401 Cherry Street/Suite 405
Macon, Georgia 31201
(478) 755-0007

       /s/ Paul Christian_____
Paul Christian
Attorney for Plaintiff
State Bar No. 125521
P.O. Box 165
Macon, Georgia 31201-0165
(478) 741-0930

11